UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEANGELO NEWBON,

        Plaintiff,

v.                                                       Case No. 09-C-548

TODD NEHLS, Sheriff, et al.,

        Defendants.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

      Plaintiff Newbon, a Wisconsin prisoner, proceeds pro se in this civil rights action under 42 U.S.C. § 1983, alleging that defendants violated his Eighth Amendment rights while he was detained at the Dodge County Jail from December 11 to December 16, 2008. Newbon claims that the medical staff of the jail were deliberately indifferent to his medical needs resulting from a knee injury by failing to allow him appropriate pain medication, and that defendant Sheriff Nehls failed to train his staff to allow appropriate medical care (i.e., use of leg braces and appropriate medication). There is also a claim that other jail staff failed to help Newbon get into a transport van or denied him the use of his leg brace. The case is before the Court on defendants' motion for summary judgment. Defendants seek summary judgment on the ground that Newbon has failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA").

      Before I address the defendants' motion, I first consider Newbon's recent attempt to amend the complaint. As he was initially uncertain as to the identity of four defendants, Newbon named four John Does and was permitted a period of time in which to discover their identities and file an

amended complaint. Newbon attempted to file an amended complaint on January 11, 2010, but the document was unsigned. The Court informed Newbon that if he still wished to file an amended complaint, he had to file a signed amended complaint by February 5, 2010. (Doc. # 47.) The order also warned Newbon that if he did not comply his proposed amended complaint would be stricken from the record. Newbon once again filed his proposed amended complaint on February 3, 2010, but again failed to sign it. Thus, the document is stricken from the record.

The Court also strikes from the record Newbon's filings [Docs. # 52, 53, 54] which appear to be an unauthorized sur-reply to defendants' motion for summary judgment. After defendants noted that under the newly effective Civil L.R. 7(i), papers not authorized by the Federal Rules of Civil Procedure or the local rules or court order must be filed as an attachment to a motion requesting leave to file it, Newbon filed a motion for leave to file what appear to be the same three documents he filed earlier. (Doc. # 56.) Newbon's first set of filings after the defendants' reply brief are not authorized by the Federal Rules of Civil Procedure, the local rules or any order of this Court, and he has not sought leave to file these documents. Accordingly, the documents are stricken from the record. Further, because the Court finds insufficient cause to grant Newbon leave to file a sur-reply, his motion for leave to file these other documents will be denied.

Defendants contend that they are entitled to summary judgment because Newbon has failed to exhaust his administrative remedies. The PLRA provides that "no action shall be brought [under federal law] with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532

2

(2002). The Seventh Circuit applies a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Since defendants contest exhaustion, the Court must consider exhaustion as a threshold issue. If the Court finds that Newbon has failed to exhaust his administrative remedies, it must then determine whether

> (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over.

*Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). *See also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) (prisoner must file complaints and appeals "in the place, and at the time, the prison's administrative rules require").

When an individual is "booked" into the Dodge County Jail, a "Booking/Record Form" is generated. According to Newbon's Booking/Record Form, at the time he entered the jail on December 11, 2008, he acknowledged that he "received the Jail Rules and know[s] rule updates are posted in the living areas of the facility." (Kreitzman Aff. Ex. A.) The handbook and rules Newbon acknowledged receiving contain a section on grievances. (Kreitzman Aff. Ex. B.) In order to file a grievance, an inmate must complete the jail's grievance form and submit it within 48 hours of the time of the incident giving rise to the grievance. (*Id*.) The handbook and rules also outlines how inmates appeal unfavorable decisions on grievances.

Newbon claims he was denied a leg brace and pain medication at the time he was booked in the jail on December 11, 2008. Newbon also avers he fell the evening of December 12, 2008 as a result of defendants' deliberate indifference. Newbon did not file any grievance form relating to

3

the claims in his complaint while he was at the jail. (Kreitzman Aff. ¶¶ 29-39.) Newbon appears to contend that his § 1983 claims are exempt from the PLRA's exhaustion requirement because he is no longer at the jail, but this argument is a non-starter, as the complaint indicates that he was confined at Dodge Correctional Institution, a Wisconsin prison, at the time he commenced this federal litigation. *See Koger v. Bryan*, 523 F.3d 789, 804 n.8 (7th Cir. 2008) ("We have held that the question of whether a former prisoner's claim is governed by the PLRA is determined by 'look[ing] to the status of the plaintiff at the time he brings his suit.'") (quoting *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004)).

Newbon's assertion that prior to bringing this lawsuit he "corresponded with defendant Todd Nehls about the grievance I had with his department" is insufficient to demonstrate that he complied with the grievance procedures at the jail, as it is undisputed that the jail's grievance procedure does not permit corresponding with the sheriff in the place of submitting a grievance form. (Newbon Decl. in Opp. to Defs.' Mot. for Summ. J. ¶ 7; Kreitzman Aff. ¶ 27.) Because Newbon made his complaint outside the channels of the jail's grievance procedure, he failed to avail himself of the administrative remedies that existed to redress his claims.

Finally, Newbon claims that he did not file a formal grievance during his five days at the jail because he was following the guidance of the handbook and jail rules to first attempt to settle the dispute on an informal basis. Although the jail's grievance procedures do require that inmates make an effort at settling the dispute on an informal basis before submitting a formal grievance, the reading Newbon recommends is implausible, as it would create an exception to the 48 hour time limitation for submission of grievances while an inmate allegedly pursues the matter on an informal basis. The doctrine of substantial compliance does not apply to the PLRA's exhaustion

4

requirement, *Lewis v. Washington*, 300 F.3d 829, 833-34 (7th Cir. 2002), and informal verbal and written complaints that do not comply with a jail's formal grievance procedures, even if the inmate is unaware of such procedures, do not satisfy the PLRA's exhaustion requirement. *Twitty v. McCoskey*, 226 Fed.Appx. 594, 595-96 (7th Cir. 2007).

The undisputed facts show that Newbon failed to exhaust his administrative remedies at the Dodge County Jail, and is no longer confined at that location. Newbon does not contend that he was unaware of the short period of time within which he was required to file a grievance. Nor does he contend he was unable to comply with the procedure or that he was somehow prevented from doing so. Indeed, implicit in his argument that he complied by attempting to resolve the issue informally is the concession that he read the handbook and was aware of the procedure. Under these circumstances, his failure to comply cannot be excused. Because plaintiff failed to exhaust his administrative remedites, and there is nothing to suggest that such failure was innocent, the defendants' motion for summary judgment [Doc. # 28] is **GRANTED** and the case is **DISMISSED**. Newbon's motion for leave to file additional documents [Doc. # 56] is **DENIED**. The Clerk is directed to enter judgment in favor of the defendants forthwith.

**SO ORDERED** this ___11th___ day of February, 2010.

                                           s/ William C. Griesbach
                                           William C. Griesbach
                                           United States District Judge