UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEANGELO NEWBON,

        Plaintiff,

  v.                                                   Case No. 09-C-548

TODD NEHLS, Sheriff, et al.,

        Defendants.

**ORDER**

Plaintiff Newbon, a Wisconsin prisoner, filed a motion to alter or amend the judgment in this case brought under 42 U.S.C. § 1983. The Court previously granted the defendants' motion for summary judgment on the basis that plaintiff had failed to exhaust his available administrative remedies. Plaintiff's motion will be denied for the reasons set forth below.

"A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996). The purpose of a Rule 59(e) motion is to enable a district court to correct its own errors and thus avoid unnecessary appellate procedures. *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999). A Rule 59(e) motion "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263 (7th Cir.1 995). Nor should such a motion be used to present evidence that was available earlier or attempt to correct a party's

own procedural errors. *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 730 (7th Cir. 1999). "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007)). With these principles in mind, I turn to plaintiff's motion.

Plaintiff appears to assert that he has new evidence that would undermine the Court's ruling that he failed to exhaust his available administrative remedies at the Dodge County Jail. Specifically, he indicates that the jail requires that prisoners must first attempt to informally resolve their grievances, but in order to do so inmates must fill out an inmate request slip addressed to a jail supervisor. Plaintiff contends that it typically takes the supervisor 24 to 48 hours to respond. Because plaintiff believes that the jail's policy requires a response to his informal inmate request before he files a formal grievance, he claims it frustrates his ability to seek administrative relief for his grievances at the jail, given the requirement that formal grievances must be filed within 48 hours of the incident about which an inmate complains. In his reply brief, plaintiff details his recent experiences at the jail and claims that the fact he did not receive a speedy response to his inmate request slip is newly discovered evidence establishing that it is impossible to comply with the jail's formal grievance procedures.

I disagree. Plaintiff fails to provide the newly discovered evidence required to grant a motion under Rule 59(e). The fact that plaintiff has been back to the Dodge County Jail since judgment was entered and did not receive a quick response to his request slip is not the sort of newly discovered evidence that Rule 59(e) contemplates. Whatever the relevance of the evidence plaintiff claims he now has as a result of his recent experiences at the jail, a Rule 59(e) motion cannot be

2

used to present evidence that could have been presented before judgment was entered. *Obriecht*, 517 F.3d at 494. There is no reason plaintiff could not have obtained evidence regarding the jail's response time to inmate grievances and presented such evidence before judgment was entered.

But even if plaintiff had presented evidence prior to judgment that the jail did not respond to his inmate request slip, it is unclear how this would frustrate his ability to file a formal grievance within 48 hours. The jail's policy requires that inmates attempt to informally resolve their grievances before filing a formal grievance. There is nothing to suggest that just because an inmate has not received a response to an inmate request slip he could not also file a formal grievance within the 48 hour window. Further, there is no evidence that indicates the only way to attempt to informally settle a grievance before filing a formal grievance is to fill out an inmate request slip–it would seem that an inmate who registers his complaint orally to the jail's staff has made an effort at resolving the matter informally. In any event, had plaintiff believed that the way in which the jail responded to informal grievances was relevant, he could have explored the matter prior to the entry of judgment.

Accordingly, plaintiff's motion to alter or amend the judgment [Doc. # 61] is **DENIED**.

**SO ORDERED** this   5th   day of April, 2010.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge